UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARRY and CHERYL PELTIER,<br><br>    Plaintiffs,<br><br>    v.<br><br>SUNTRUST BANK, INC. and Doe Defendants 1 through 20,<br><br>    Defendants. | CASE NO. C14-583 MJP<br><br>ORDER ON MOTION TO DISMISS |

THIS MATTER comes before the Court on Defendant's Motion to Dismiss. (Dkt. No. 9.) Plaintiffs failed to oppose the Motion and Defendant represents that Plaintiffs have not been actively prosecuting the case. (Dkt. No. 10.) Having reviewed the Motion and Defendant's Reply, the Court hereby GRANTS the motion to dismiss without prejudice.

Pursuant to Local Rule 7(b)(2), failure to oppose a motion (other than a motion for summary judgment) may be deemed as an admission that the motion has merit.

Defendant SunTrust Bank, Inc., first argues Plaintiffs have sued the wrong entity—according to Defendant, Defendant's subsidiary, SunTrust Mortgage, is responsible for the

ORDER ON MOTION TO DISMISS- 1

actions Plaintiffs allege Defendant has taken. Because this argument would ordinarily result in permission for Plaintiffs to amend their complaint rather than dismissal, the Court does not rest its dismissal on this argument.

Defendant also argues Plaintiff's Washington Consumer Protection Act and claim for violations of the Code of Federal Regulations fail to state a claim for relief. The CPA claim relies on an alleged violation of RCW 61.24.135(2) to establish the "unfair or deceptive act in trade or commerce" element of the Hangman Ridge test for CPA claims. See 105 Wn.2d 778, 784 (1986). (Am. Compl., Dkt. No. 4-1 at 5 (quoting RCW 61.24.135(2)(c).) Specifically, Plaintiffs argue Defendant "fail[ed] to initiate contact with a borrower and exercise due diligence as required under RCW 61.24.031" by "refus[ing] to work with Plaintiffs in any meaningful way to modify their mortgage payments, a clear violation of the due diligence requirement. (Dkt. No. 4-1 at 5.) However, as Defendant points out, the requirements under RCW 61.24.031 concern specific steps that must be taken prior to issuing a notice of default. Plaintiffs' Amended Complaint does not allege a lack of diligence on the part of SunTrust as to the specific subjects or the time period regulated by RCW 61.24.031, but claims that Plaintiffs submitted multiple applications for loan modifications during a much longer period, from 2011 to 2014. As Defendant notes, there is no legal requirement that Plaintiffs receive a specific loan modification as a result of their request. Because Plaintiff's Amended Complaint does not allege sufficient facts to state a CPA claim that is plausible on its face, the CPA claim is dismissed without prejudice.

The claim for violations of 12 CFR § 1024.41 presents a closer question. Plaintiffs allege Defendant failed to respond to a complete loss mitigation application in any way. (Dkt. No. 4, Ex. 1 at 6.) Defendant argues that because SunTrust Mortgage admittedly made requests for

documents after this point, the application could not have been complete. (See id.) But this argument asks the Court to trust SunTrust's evaluation of the application without so much as attaching the loss mitigation application or SunTrust's later request for documents (both the application and the requests are referred to in the Amended Complaint). The Court will not do so.

However, in light of the fact that Plaintiffs have not responded to Defendant's dispositive motion, the Court dismisses the remainder of the action for failure to prosecute. The dismissal is without prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 16th day of December, 2014.

Marsha J. Pechman
Chief United States District Judge